1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| BRIAN ALLEN BACON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>　　　　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ED CV 13-1509 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

19
20
21

        Brian Allen Bacon ("Plaintiff") challenges the Social Security
Commissioner's ("Defendant") decision denying his application for disability
benefits. Two issues are presented for decision here:

22
23
24

        1.        Whether the Administrative Law Judge ("ALJ") assigned appropriate
weight to Plaintiff's treating physicians, Drs. Robert Yang and Glenn Niegas, (*see*
Joint Stip. at 5-11); and

25
26

        2.        Whether the ALJ properly evaluated Plaintiff's credibility, (*see id.* at
20-24).

27

        The Court addresses, and rejects, Plaintiff's contentions below.

28

1    A.    The ALJ Assigned Proper Weight to Plaintiff's Treating Physicians

2        Plaintiff first asserts that the ALJ improperly weighted the opinions of his

3    treating physicians, Drs. Yang and Niegas.  (*See* Joint Stip. at 5-11.)

4        "Although a treating physician's opinion is generally afforded the greatest

5    weight in disability cases, it is not binding on an ALJ with respect to the existence of

6    an impairment or the ultimate determination of disability."  *Tonapetyan v. Halter*,

7    242 F.3d 1144, 1149 (9th Cir. 2001); *see Morgan v. Comm'r of Soc. Sec. Admin.*,

8    169 F.3d 595, 600 (9th Cir. 1999) ("[T]he treating physician's opinion is not

9    necessarily conclusive as to either a physical condition or the ultimate issue of

10   disability.").

11       An ALJ may discount the treating physician's opinion when it is not

12   supported by objective evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

13   1989); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).  "When evidence in

14   the record contradicts the opinion of a treating physician, the ALJ must present

15   'specific and legitimate reasons' for discounting the treating physician's opinion,

16   supported by substantial evidence."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

17   1219, 1228 (9th Cir. 2009) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

18   1995)).

19       1.    Dr. Yang's Opinion

20       The Court is persuaded that the ALJ properly rejected the opinion of Dr.

21   Yang.  Three reasons guide this determination.

22       First, the ALJ properly found that "physical examinations are entirely

23   inconsistent with [Dr. Yang's] disabling functional capacity assessment."

24   (Administrative Record ("AR") at 25); *see Burkhart v. Bowen*, 856 F.2d 1335, 1339-

25   40 (9th Cir. 1988) (ALJ properly rejected treating opinion as unsupported by

26   medical findings, personal observations, or test reports).  For example, a January

27   2011 physical examination revealed 5/5 motor strength, intact sensation, and normal

28   neurological examination.  (AR at 559.)  Imaging of the lumbar spine revealed no

1  spinal canal stenosis.  (*Id.*)  Dr. William Hill, who saw Plaintiff on referral from Dr.
2  Yang, reported similar findings.  In particular, Plaintiff had good range of motion in
3  the back, some pain on flexion and extension, and no muscle spasm.  (*Id.* at 24, 328.)
4  Plaintiff also had good range of motion in the lower extremities, no focal atrophy,
5  and negative straight leg raising test to 90 degrees, indicating no nerve root
6  irritation.  (*Id.*)  Moreover, the ALJ noted that none of Dr. Yang's treatment records
7  documented muscle weakness, sensory deficits, nerve root impingement, or use of
8  an assistive device.  (*See generally id.* at 25, 316-39, 412-33.)

9        Second, the ALJ properly observed that Plaintiff's activities of daily living
10  undermine the functional limitations assessed by Dr. Yang.  (*Id.* at 25.)  Indeed,
11  Plaintiff "chauffeur[ed] people around from his church 4-5 hours a day, every day."
12  (*Compare id.* at 69-70 (detailing Plaintiff's driving duties) *with id.* at 333 (Dr.
13  Yang's opinion that Plaintiff is unable to sit for a "prolonged period of time").  This
14  apparent inconsistency constitutes a "specific and legitimate reason" for discrediting
15  Dr. Yang.  *See Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502
16  (9th Cir. 1983)).

17        Third, the ALJ properly rejected Dr. Yang's assessment as "inconsistent with
18  the totality of the medical evidence" and other medical source opinions in the record.
19  (AR at 25); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.
20  2004) ("it was permissible for the ALJ to give [treating opinion] minimal evidentiary
21  weight, in light of the objective medical evidence and the opinions and observations
22  of other doctors.").  As the ALJ noted, examining physician Dr. Boeck found that
23  Plaintiff was capable of lifting up to 20 pounds occasionally and sitting for 6 hours
24  in a workday.  (AR at 25, 345.)  State agency reviewing physicians Drs. Brodsky and
25  Spellman concluded that Plaintiff could perform light work with occasional postural
26  activities.  (*Id.* at 25, 349-55.)

27        The ALJ permissibly resolved the conflicting evidence in favor of the
28  examining and non-examining physicians' opinions because they were mutually

consistent and supported by physical exam findings.  (*Id.* at 24-26); *see Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("to the extent that [the nontreating physician's] opinion rests on objective clinical tests, it must be viewed as substantial evidence.")  While Plaintiff may have a different interpretation of the record, the ALJ's resolution was rational and supported by substantial evidence, and thus, it must be upheld.  *See* 42 U.S.C. § 405(g); *Magallanes*, 881 F.2d at 751.

Accordingly, the ALJ properly rejected Dr. Yang's opinion.

2.   Dr. Niegas' Opinion

The Court is likewise convinced that the ALJ properly rejected Dr. Niegas' opinion for three reasons.

First, the ALJ properly rejected Dr. Niegas' opinion as "based on [Plaintiff's] subjective complaints only."  (AR at 25); *see Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (ALJ properly rejected treating physician's report because it was premised on claimant's subjective complaints, which the ALJ properly discounted).  In particular, Dr. Niegas "estimated [Plaintiff's] pain level to be an 8/10 [] based on Plaintiff's subjective complaints" which were properly rejected, as described below.  (*See* AR at 25.)

Next, the ALJ properly explained that Dr. Niegas' "opinion appears merely through a series of checked boxes and without any specific clinical [] support.  (*See id.* at 25, 520-25); *Batson*, 359 F.3d at 1195 (ALJ properly rejects a treating physician's opinion when it is conclusory, brief, and unsupported); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off forms that do not explain the bases for their conclusions).  Indeed, in his impairment questionnaire, Dr. Niegas noted symptoms including abdominal cramping and pain, but when prompted to provide the bases for his conclusions, he simply wrote "Major

1   Depression."  (AR at 25, 521-23, 664.)  Major depression is not typically associated
2   with abdominal cramping and pain, and moreover, there is only minimal evidence in
3   the record that Plaintiff suffers from any mental impairment.  (*See id.* at 25, 521-23,
4   664-65.)  Dr. Niegas thus provided no relevant explanation for his prescribed
5   limitations.

6       Finally, the ALJ rejected Dr. Niegas' opinion because it lacked objective
7   evidence.  (*Id.* at 25); *see Magallanes*, 881 F.2d at 753.  Indeed, while Plaintiff
8   visited the hospital twice for abdominal pain and constipation, his doctor reported
9   that Plaintiff had only "slight abd[ominal] pain that resolve[d] [with bowel
10  movement]," and not severe pain, as Plaintiff alleged.  (AR at 498-500.)  Further,
11  following Plaintiff's cholecystectomy, diagnostic imaging revealed no evidence of
12  hydronephrosis, unremarkable large bowel loops except for some constipation, no
13  evidence of ascites, intra-abdominal retroperitoneal mass or inflammatory changes,
14  and an unremarkable bladder.  (*Id.* at 629, 642.)  Moreover, Plaintiff's doctor's
15  responded to his complaints by instructing Plaintiff to increase his fiber and water
16  intake and exercise more.  (*See id.* at 497, 581, 593, 639.)  Such conservative
17  treatment hardly indicates a condition that would preclude Plaintiff's ability to work.
18  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

19      Accordingly, the ALJ properly rejected Dr. Niegas' opinion.

20      B.    The ALJ Properly Evaluated Plaintiff's Credibility

21      Plaintiff also insists that the ALJ improperly evaluated his credibility.  (*See*
22  Joint Stip. at 20-24.)

23      An ALJ can reject a claimant's subjective complaints by expressing clear and
24  convincing reasons for doing so.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030,
25  1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must
26  identify what testimony is not credible and what evidence undermines the claimant's
27  complaints."  *Lester*, 81 F.3d at 834.

28

5

1   Here, the ALJ properly discounted Plaintiff's credibility.  Two reasons guide
2   this determination.

3   First, the ALJ properly determined that Plaintiff's daily activities are
4   inconsistent with his allegation of complete disability.  (AR at 26); *see Molina v.*
5   *Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (An "ALJ may discredit a claimant's
6   testimony when the claimant reports participation in everyday activities indicating
7   capacities that are transferable to a work setting") (citations omitted).  In this case,
8   Plaintiff "chauffeur[ed] people around from his church 4-5 hours a day, every day"
9   in exchange for room and board.  (AR at 26, 69-70, 75.)  Presumably, this activity is
10  transferable to a job setting.  Moreover, it undermines Plaintiff's allegation of total
11  disability.

12  Next, the ALJ reasonably rejected Plaintiff's allegation of total disability
13  where multiple doctors opined that Plaintiff was *not* disabled.  (*See id.* at 25-26, 94-
14  95); *Thomas*, 278 F.3d at 958-59 (ALJ may consider testimony from physicians
15  concerning the nature, severity, and effect of the symptoms of which the claimant
16  complains).  In particular, consultative examining orthopedic surgeon Dr. Boeck and
17  State agency reviewing physicians Drs. Brodsky and Spellman found that Plaintiff
18  was capable of performing at least light work.  (AR at 95, 345, 349-55.)  Examining
19  physician Resnick, for his part, found that Plaintiff could perform medium work.
20  (*Id.* at 532.)

21  While Plaintiff cites to medical records wherein he *complained* of
22  constipation to his doctors, symptoms alone do not prove disability.  *See* 20 C.F.R. §
23  404.1529(a); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("under no
24  circumstances may the existence of an impairment be established on the basis of
25  symptoms alone.") (citation omitted).  Moreover, as described above, Plaintiff's
26  physicians typically responded to his complaints with conservative treatment.  *See*
27  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative
28  treatment' is sufficient to discount a claimant's testimony regarding severity of an

1   impairment.") (citation omitted); (*see, e.g.*, AR at 497, 581, 593, 639) (instructing

2   Plaintiff to increase his fiber and water intake and exercise more).  The ALJ's

3   evaluation of the record was supported by substantial evidence and as such, this

4   reason was proper.  *See* 42 U.S.C. § 405(g); *Magallanes*, 881 F.2d at 750.

5        Accordingly, the ALJ properly rejected Plaintiff's credibility.

6        Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered

7   **AFFIRMING** the decision of the Commissioner denying benefits.

8

9   Dated: April 11, 2014

10

11  _____

12            Hon. Jay C. Gandhi

13         United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28